IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUDRINA MINTO, a/k/a ARTURO MINTO           :
1752 Walton Avenue, Apt. 10A                :
Bronx, NY 10453,                            :
                                            :
                          Plaintiff,        :        Civil Action No.:
                                            :
              -against-                     :        JURY TRIAL DEMANDED
                                            :
KATHY L. RUMER, D.O.,   F.A.C.O.S.          :
105 Ardmore Avenue                          :
Ardmore, PA 19003           :
                                            :
and                                         :
                                            :
DELAWARE VALLEY AESTHETICS, PLLC            :
d/b/a RUMER COSMETIC SURGERY,               :
105 Ardmore Avenue                          :
Ardmore, PA 19003                           :
                                            :
                                            :
                          Defendants.       :

ORIGINAL COMPLAINT FOR
DAMAGES PURSUANT TO 28 U.S.C. §1332

Plaintiff Audrina Minto a/k/a Arturo Minto, by and through her attorneys, THE

RUBINSTEIN LAW FIRM, LLC., now comes before this Court and complains of KATHY L.

RUMER, D.O., F.A.C.O.S., and DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER

COSMETIC SURGERY, as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff AUDRINA MINTO, a/k/a ARTURO MINTO, 1752 Walton Avenue, Apt., 10A,

Bronx, New York 10453.

2.      Defendant KATHY L. RUMER, D.O., F.A.C.O.S., is located at 105 Ardmore Avenue,

Ardmore, Pennsylvania 19003; defendant DELAWARE VALLEY AESTHETICS, PLLC d/b/a

RUMER COSMETIC SURGERY is located at and maintains its principal place of business at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

3.     The claims herein are brought against both the defendants in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1332 due to diversity of citizenship between plaintiff and defendants, and that this matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.   The within action asserted herein arose from and are connected to purposeful acts taken by defendants, their agents and/or employees in Pennsylvania.   Defendants' contacts with Pennsylvania were continuous and systematic. Plaintiff seeks money damages as compensation for the personal injuries and pain and suffering of plaintiff AUDRINA MINTO, caused by the medical malpractice, negligence and wrongful acts and omissions of defendants in their medical and surgical care and treatment of plaintiff in the gender reassignment surgery performed by defendants upon plaintiff.

4.     Pursuant to 28 U.S.C. §1332, venue is properly placed in the Eastern District of Pennsylvania, in that plaintiff is a resident of the County of Bronx, State and City of New York and defendants are residents of the Commonwealth of Pennsylvania, having an address at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003, which is within the jurisdiction of this Court.

5.     This medical malpractice lawsuit is timely filed, in that it is commenced within 2 years from the last date of continuous treatment by defendants KATHY L. RUMER, D.O., F.A.C.O.S., and DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY, for the injuries complained of herein, which would be timely if brought within the Pennsylvania Court of Common Pleas, Trial Division, pursuant to Pennsylvania State law governing a medical malpractice action.

2

**II.**

## PARTIES

6.     Plaintiff Audrina Minto, a/k/a Arturo Minto, hereinafter "Plaintiff", is an adult individual currently residing at, 1752 Walton Avenue, Apt. 10A, Bronx, New York 10453.

7.     Defendant KATHY L. RUMER, D.O., F.A.C.O.S., hereinafter "Dr. Rumer", was and is a doctor of osteopathic medicine, who at all times pertinent hereto, was engaged in the practice of medicine, pursuing the specialty of cosmetic, plastic and gender reassignment surgery, maintaining an office at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

8.     Defendant DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY, hereinafter "Rumer Cosmetic", is and was, at all times pertinent hereto, a professional limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania and using a fictitious name Rumer Cosmetic Surgery to provide medical services to patients, operating by and through its agents and/or employees, ostensible agents, residents, medical students, staff, nurses, nurse practitioners, physician assistants and technicians, who operated and staffed a certain facility located at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

9.     At all times relevant and material hereto, defendant Dr. Rumer, owned, operated, managed, maintained and/or staffed defendant Rumer Cosmetic.

**III.**

## FACTS

10.     Plaintiff is asserting a professional liability claim against defendants Dr. Rumer and Rumer Cosmetic.

11.     On July 12, 2016, and at all times pertinent hereto, defendant Dr. Rumer, was and is a

doctor of osteopathic medicine and a cosmetic/plastic surgeon licensed under the laws of the

Commonwealth of Pennsylvania who at all times pertinent hereto has held herself out as a

specialist in cosmetic/plastic surgery, and more particularly, as a specialist in gender

reassignment surgery.   Dr. Rumer maintains an office and place of business at 105 Ardmore

Avenue, Ardmore, Pennsylvania 19003.   Plaintiff is asserting a professional liability claim

against this defendant.

12.     On July 12, 2016, and at all times pertinent hereto, defendant Rumer Cosmetic was and

is, a professional limited liability company organized and existing under the laws of the

Commonwealth of Pennsylvania to provide medical services to patients, and upon information

and belief, maintained an office and place of business at 105 Ardmore Avenue, Ardmore,

Pennsylvania 19003.   At all times pertinent hereto, Dr. Rumer was an agent, servant and/or

employee of defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery.

Plaintiff is asserting a professional liability claim against this defendant.

13.     On July 12, 2016, and at all times pertinent hereto, defendant Dr. Rumer was engaged in

the practice of medicine, pursuing the specialty of cosmetic, plastic and gender reassignment

surgery, and was obliged to bring to bear in the practice of her profession the professional skill,

knowledge, and care which she possessed, and to pursue her profession in accordance with

reasonably safe and acceptable standards of medicine in general, cosmetic, plastic and gender

reassignment surgery in particular.

14.     On July 12, 2016, and at all times relevant and material hereto, Dr. Rumer acted

individually and/or through her agents, ostensible agents, employees, residents, medical students,

4

staff, nurses, nurse practitioners, physician assistants and technicians who were acting with actual or implied authority to act within the course and scope of their employment and/or agency with Dr. Rumer.

15.     On July 12, 2016, and at all times relevant and material hereto, Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, acted individually and/or through its agents, ostensible agents, staff, employees, residents, physicians, fellows, medical students, including Dr. Rumer, nurses, nurse practitioners, physician assistants, technicians and/or contractors who were acting with actual or implied authority to act within the course and scope of their authority in the furtherance of the business and practice of Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery.

16.     On July 12, 2016, and at all times relevant and material hereto, a physician-patient relationship existed between plaintiff, Dr. Rumer and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery.

17.     Plaintiff's injuries and damages were caused solely and exclusively by the negligence and carelessness of defendants, and/or their actual agents, apparent agents and/or ostensible agents, servants and/or employees, individually, jointly and severally, and were not caused or contributed to by any act or failure on the part of the plaintiff.

18.     On or about July 12, 2016, plaintiff presented to defendant Dr. Rumer and Rumer Cosmetic for gender reassignment surgery, which was being performed by defendants, their agents, servants and/or employees at Delaware County Memorial Hospital, 501 North Lansdowne Avenue, Drexel Hill, Pennsylvania 19026.

5

19.     Prior to and on July 12, 2016, plaintiff was suffering from gender dysphoria, male to female.

20.     Prior to July 12, 2016, plaintiff consulted with Dr. Rumer and Rumer Cosmetic to discuss gender reassignment surgery, male to female.

21.     Prior to July 12, 2016, plaintiff underwent hormone therapy, counseling and completed all preoperative guidelines set forth by the World Professional Association of Transgender Health, in preparation for gender reassignment surgery, male to female, to be performed by Dr. Rumer and Rumer Cosmetic.

22.     Prior to July 12, 2016, defendants Dr. Rumer and Rumer Cosmetic cleared plaintiff for gender reassignment surgery, male to female.

23.     On July 12, 2016, defendants Dr. Rumer and Rumer Cosmetic, performed gender reassignment surgery and a bilateral breast augmentation, and related surgical procedures upon plaintiff at Delaware County Memorial Hospital.

24.     Plaintiff, subsequent to performance of gender reassignment surgery on July 12, 2016, by defendants Dr. Rumer and Rumer Cosmetic, continued postoperative care with Dr. Rumer and Rumer Cosmetic.

25.     Plaintiff, subsequent to performance of gender reassignment surgery on July 12, 2016, by defendants Dr. Rumer and Rumer Cosmetic, performed all postoperative care and procedures as instructed by Dr. Rumer and Rumer Cosmetic.

26.     Plaintiff also continued to receive continuous medical care and treatment from Dr. Rumer and Rumer Cosmetic, upon information and belief, up to and including February 7, 2017.

27.     Despite plaintiff's adherence to postoperative care, plaintiff as a direct result of the
negligence of defendants Dr. Rumer and Rumer Cosmetic in performance of the gender
reassignment surgery, suffered a urethral stricture, a vaginal stricture, and clitoral scar tissue, in
addition to her inability to engage in sexual intercourse, as well as severe psychological trauma
and gender dysphoria.

28.     Due to the medical negligence of defendants Dr. Rumer and Rumer Cosmetic, plaintiff,
on June 20, 2017, at Mount Sinai Beth Israel Hospital, New York, New York, underwent a
revision vaginoplasty; recreation of vaginal cavity; clitoroplasty to correct her clitoris; a
urethroplasty to correct her urethra; and a bilateral labiaplasty to correct her labia.

29.     As a result of the aforesaid negligence of defendants Dr. Rumer and Rumer Cosmetics,
plaintiff has been obliged to receive and undergo medical attention and care, and to incur various
and diverse expenses, all of which plaintiff may continue to expend in the future.

30.     As a further result of the medically negligent actions of defendants Dr. Rumer and Rumer
Cosmetic, plaintiff suffered physical pain, mental anguish, humiliation and disfigurement, and
will continue to suffer same for an indefinite time into the future.

31.     As a result of the medical negligence of defendants Dr. Rumer and Rumer Cosmetic,
plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, all of which
may and will continue indefinitely into the future.

7

**IV.**

## COUNT I. NEGLIGENCE

### AUDRINA MINTO, a/k/a ARTURO MINTO v. KATHY L. RUMER, D.O.,   F.A.C.O.S.

32.     Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through

"31", as if same were set forth at length herein.

33.     Plaintiff's aforesaid injuries, expenses, losses and damages were the result of the

negligence and carelessness of defendant Dr. Rumer, her agents, servants, workers and/or

employees, actual, apparent, ostensible and/or others for whose acts or omissions she was

responsible.

34.     The aforementioned negligence and carelessness of defendant Dr. Rumer, her agents,

servants, workers and/or employees actual, apparent, ostensible and/or others for whose acts or

omissions she was responsible consisted of the following, *inter alia*:

   (a)     Negligently performing a gender reassignment surgery on plaintiff on July 12,
           2016, such that plaintiff suffered a urethral stricture, a vaginal stricture, removal
           of clitoral scar tissue and loss of vaginal cavity, in addition to infection and her
           inability to engage in sexual intercourse, as well as severe psychological trauma
           and gender dysphoria;

   (b)     Seriously damaging plaintiff's urethra, vaginal cavity, labia and clitoris, to the
           extent that plaintiff has suffered injury requiring corrective surgery, and will
           require additional surgeries in the future;

   (c)     In causing permanent injury to plaintiff such that plaintiff may not have a
           functioning and/or properly functioning vagina, labia and clitoris;

   (d)     In causing permanent injury to plaintiff such that plaintiff will never have sexual
           function;

   (e)     Failing to order, schedule and/or perform postoperative treatment and care for and
           on plaintiff;

(f)     Failing to render and provide reasonable medical care under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(g)     Failing to timely correct deficiencies in medical care and treatment provided to plaintiff;

(h)     Failing to properly monitor, evaluate and treat plaintiff following gender reassignment surgery on plaintiff on July 12, 2016;

(i)     Failing to conform to the requisite standard of reasonable medical care owed to plaintiff;

(j)     Failing to exercise the degree of skill required by a medical professional under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(k)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon;

(l)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon specializing in gender reassignment surgery;

(m)    Failing to treat plaintiff in such a way as to not cause her harm;

(n)     Failing to order, schedule and/or perform various postoperative diagnostic studies;

(o)     Failing to consult with one or more physicians having the requisite knowledge and skill to treat plaintiff's condition;

(p)     Acting in such a manner as to eliminate plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of future injury and harm;

(q)     Failing to employ adequate postoperative procedures to prevent harm to plaintiff;

(r)     In providing negligent postoperative care and treatment to plaintiff;

(s)     In failing to render appropriate and/or proper medical care and treatment under the circumstances, thereby substantially increasing risk of harm that plaintiff would require future surgical procedures;

(t)     In failing to establish and follow procedures for the timely and emergent evaluation and treatment of patients postoperatively like the plaintiff;

(u)     In failing to properly supervise defendants' agents, servants and/or employees in their medical care and treatment of plaintiff;

(v)     In failing to provide skilled and competent staff to care for plaintiff;

(w)     In failing to protect plaintiff from unreasonable and foreseeable risk of harm;

(x)     In failing to adequately monitor and/or observe plaintiff;

(y)     In failing to follow appropriate procedures and protocols;

(z)     In such other negligence as may be discovered during the course of discovery.

35.     Plaintiff relied upon the performance of defendant for the services for which she was retained, and the failure of defendant, her agents, servants and/or employees, to exercise appropriate medical skills and care caused plaintiff severe personal injury and economic harm.

WHEREFORE, plaintiff Audrina Minto, a/k/a Arturo Minto, demands compensatory damages against defendant Kathy L. Rumer, D.O., F.A.C.O.S., in an amount in excess of Seventy-Five Thousand Dollars, along with interest, costs and damages for pre-judgment delay.


## COUNT II. NEGLIGENCE

## AUDRINA MINTO, a/k/a ARTURO MINTO v.   DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY

36.     Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "35", as if same were set forth at length herein.

37.     Plaintiff's aforesaid injuries, expenses, losses and damages were the result of the negligence and carelessness of defendant Rumer Cosmetic, its agents, servants, workers and/or employees, actual, apparent, ostensible and/or others for whose acts or omissions it was responsible.

10

38.    The aforementioned negligence and carelessness of defendant Rumer Cosmetic, its

agents, servants, workers and/or employees actual, apparent, ostensible and/or others for whose

acts or omissions it was responsible consisted of the following, *inter alia*:

(a)    Negligently performing a gender reassignment surgery on plaintiff on July 12, 2016, such that plaintiff suffered a urethral stricture, a vaginal stricture, removal of clitoral scar tissue and loss of vaginal cavity, in addition to infection and her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria;

(b)    Seriously damaging plaintiff's urethra, vaginal cavity, labia and clitoris, to the extent that plaintiff has suffered injury requiring corrective surgery, and will require additional surgeries in the future;

(c)    In causing permanent injury to plaintiff such that plaintiff may not have a functioning and/or properly functioning vagina, labia and clitoris;

(d)    In causing permanent injury to plaintiff such that plaintiff will never have sexual function;

(e)    Failing to order, schedule and/or perform postoperative treatment and care for and on plaintiff;

(f)    Failing to render and provide reasonable medical care under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(g)    Failing to timely correct deficiencies in medical care and treatment provided to plaintiff;

(h)    Failing to properly monitor, evaluate and treat plaintiff following gender reassignment surgery on plaintiff on July 12, 2016;

(i)    Failing to conform to the requisite standard of reasonable medical care owed to plaintiff;

(j)    Failing to exercise the degree of skill required by a medical professional under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(k)    Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon;

(l)    Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon specializing in gender reassignment surgery;

(m)     Failing to treat plaintiff in such a way as to not cause her harm;

(n)     Failing to order, schedule and/or perform various postoperative diagnostic studies;

(o)     Failing to consult with one or more physicians having the requisite knowledge and skill to treat plaintiff's condition;

(p)     Acting in such a manner as to eliminate plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of future injury and harm;

(q)     Failing to employ adequate postoperative procedures to prevent harm to plaintiff;

(r)     In providing negligent postoperative care and treatment to plaintiff;

(s)     In failing to render appropriate and/or proper medical care and treatment under the circumstances, thereby substantially increasing risk of harm that plaintiff would require future surgical procedures;

(t)     In failing to establish and follow procedures for the timely and emergent evaluation and treatment of patients postoperatively like the plaintiff;

(u)     In failing to properly supervise defendants agents, servants and/or employees in their medical care and treatment of plaintiff;

(v)     In failing to provide skilled and competent staff to care for plaintiff;

(w)     In failing to protect plaintiff from unreasonable and foreseeable risk of harm;

(x)     In failing to adequately monitor and/or observe plaintiff;

(y)     In failing to follow appropriate procedures and protocols;

(z)     In such other negligence as may be discovered during the course of discovery.

39.     Plaintiff relied upon the performance of defendant for the services for which it was retained, and the failure of defendant, its agents, servants and/or employees, to exercise appropriate medical skills and care caused plaintiff severe personal injury and economic harm.

WHEREFORE, plaintiff Audrina Minto, a/k/a Arturo Minto, demands compensatory damages against defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, in an amount in excess of Seventy-Five Thousand Dollars, along with interest, costs and damages for pre-judgment delay.

V.

## **DEMAND FOR JURY TRIAL**

40.    Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "39", as if same were set forth at length herein.

41.    Plaintiff hereby demands a jury trial on all claims so triable in this action.

WHEREFORE plaintiff demands an award of compensatory damages in an amount in excess of Seventy-Five Thousand Dollars plus interest, costs and damages for pre-judgment delay.

13

VI.

## **RELIEF REQUESTED**

WHEREFORE, plaintiff requests that this Court enter judgment against defendants as

follows:

(a)     Compensatory damages in an amount supported by the evidence at trial;

(b)     Damages including: pain, mental anguish, impairment, disfigurement, loss of life's pleasures, reasonable and necessary past and future medical expenses;

(c)     An award for pre-judgment and post-judgment interest, and costs of suit, as provided by law; and

(d)     Such other legal and equitable relief this Court deems just.


THE RUBINSTEIN LAW FIRM, LLC.

Dated: 6/22/18

Kristy L. Bruce, Esq.
Attorneys for Plaintiff
1675 Whitehorse Mercerville Rd., Ste. 106
Hamilton, New Jersey 08619
T: (609) 392-7600
F: (609) 964-1785

14

## VERIFICATION

Audrina Minto, a/k/a Arturo Minto, hereby states that she is a Plaintiff in this Action and verifies that the statements set forth In the foregoing complaint are true and correct to the best of her knowledge, information and belief.

The undersigned understands that any false statements therein made are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities and applicable Federal Rules of Civil Procedure relating to unsworn falsification to authorities.

Dated: _6/27/18_

Audrina Minto, a/k/a Arturo Minto