## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUDRINA MINTO A/K/A ARTURO MINTO :
 :
    Plaintiff, :
 :
 :
  v. :
 :
KATHY L. RUMER, D.O., F.A.C.O.S; : CIVIL ACTION NO. 2:18-cv-02800
DELAWARE VALLEY AESTHETICS, PLLC :
D/B/A RUMER COSMETIC SURGERY :
 :
    Defendants. :
 :
 :

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of Defendants Kathy L. Rumer, D.O., F.A.C.O.S. and Delaware Valley Aesthetics, LLC, d/b/a/ Rumer Cosmetic Surgery's Motion to Compel Compliance with Subpoena directed to Records Custodian of HIM – Montefiore allowing defendants to obtain records from HIM -- Montefiore, and any response thereto, it is hereby ORDERED that within ten (10) days of the date of this Order, the Records Custodian of HIM – Montefiore shall provide defendant a complete copy of plaintiff's medical chart or suffer sanction upon further application to the Court.

       BY THE COURT:


       _____
       Paul S. Diamond, U.S.D.J.

1686219_1.docx

## IN THE UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDRINA MINTO A/K/A ARTURO MINTO | : |
| Plaintiff, | : |
| v. | : |
| KATHY L. RUMER, D.O., F.A.C.O.S; DELAWARE VALLEY AESTHETICS, PLLC D/B/A RUMER COSMETIC SURGERY | :    CIVIL ACTION NO. 2:18-cv-02800 |
| Defendants. | : |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO RECORDS CUSTODIAN OF HIM – MONTEFIORE

COMES NOW, Defendants, Kathy L. Rumer, D.O., F.A.C.O.S and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, by and through counsel, German, Gallagher & Murtagh, P.C., and respectfully requests this Court issue an Order in the form of that attached hereto and in support thereof states as follows:

1.      On July 2, 2018, Plaintiff, Audrina Minto a/k/a Arturo Minto instituted this action by civil Complaint sounding in medical professional negligence under Pennsylvania substantive law. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A".

2.      On July 12, 2016 Defendant, Dr. Rumer performed gender reassignment surgery and a bilateral breast augmentation, and related surgical procedures upon plaintiff at Delaware County Memorial Hospital. (Ex. A at para. 23)

3.      Plaintiff contends that despite her adherence to postoperative care, and as a direct result of the alleged negligence of the defendants in the performance of the gender reassignment surgery, she suffered a urethral stricture, a vaginal stricture, and clitoral scar tissue, in addition to

1

her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria. (Ex. A at para. 27)

4.      Defendants deny any and all liability for the allegations contained in Plaintiff's Complaint.

5.      Plaintiff seeks to recover damages for, *inter alia*, medical expenses, pain and suffering, and other economic losses.

6.      Through Plaintiff's medical records it has been discovered that Plaintiff treated with Montefiore Medical Center where revision surgery on Plaintiff was performed subsequent to the surgery by Dr. Rumer which is at issue in this matter.

7.      Because of the obvious relevancy of plaintiff having treated with Montefiore Medical Center, defendants were caused to have served a subpoena upon the Records Custodian of HIM – Montefiore. A true and correct copy of that subpoena is attached hereto and marked as Exhibit "B".

8.      Plaintiff has not filed any objection to the subpoena.

9.      Pursuant to Federal Rule of Civil Procedure 45, on August 24, 2018, the Custodian of Records of HIM – Montefiore was served with a subpoena on behalf of Defendants Kathy L. Rumer, D.O., F.A.C.O.S and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, through Advita, seeking all records pertaining to the treatment of Audrina Minto. See Exhibit "B".

10.     Attempt to secure the production of the documents have been made to no avail.

11.     Federal Rule of Civil Procedure 45(g) states:

> The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

12.     As of the date of the filing of this motion, the Records Custodian of HIM –
Montefiore has not produced any records in compliance with the subpoena nor has it filed a
motion for protective order.

13.     Fact discovery is this matter will conclude on November 8, 2018. Defendants
have acted with a promptness to investigate this case and secure the necessary records to abide
by this Honorable Court's scheduling Order. The delay by HIM – Montefiore is unexplained and
will cause additional delay in this case.

14.     The discovery requests are (1) relevant to the subject matter involved in this
action; (2) reasonably calculated to lead to the discovery of admissible evidence; and (3) within
the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure Rule 26.

15.     Defendants' preparation of a defense is severely compromised by the failure of
the Records Custodian of HIM – Montefiore to comply with the subpoena.

16.     Defendant requests the court issue an Order compelling production of all records
in the care, custody, and control of the Records Custodian of HIM – Montefiore pursuant to the
attached subpoena.

WHEREFORE, Defendants Kathy L. Rumer, D.O., F.A.C.O.S and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery respectfully requests this Court enter an Order in the form of that attached hereto compelling the Records Custodian of HIM – Montefiore to produce any and all records in its care, custody and control within ten (10) days of the date of this Order.

GERMAN, GALLAGHER & MURTAGH

BY: _____
      John P. Shusted, Esquire
      I.D. #44675 – shustedj@ggmfirm.com
      Chilton G. Goebel, III, Esquire
      I.D. #92811 – goebelc@ggmfirm.com
      Lauren A. Green, Esquire
      I.D. #322622 – greenl@ggmfirm.com
      Attorneys for Defendants
      Kathy L. Rumer, D.O., F.A.C.O.S.
      and Delaware Valley Aesthetics, PLLC
      d/b/a Rumer Cosmetic Surgery
      The Bellevue, 5th Floor
      200 S. Broad Street
      Philadelphia, PA 19102
      T: 215-545-7700
      F: 215-732-4182

4

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUDRINA MINTO A/K/A ARTURO MINTO | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 2:18-cv-02800 |
| KATHY L. RUMER, D.O., F.A.C.O.S; | : | |
| DELAWARE VALLEY AESTHETICS, PLLC | : | |
| D/B/A RUMER COSMETIC SURGERY | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA DIRECTED TO
RECORDS CUSTODIAN OF HIM – MONTEFIORE**

As is stated in the attached Motion, one of the issues in this case is the extent to which Plaintiff may have suffered a urethral stricture, a vaginal stricture, and clitoral scar tissue, in addition to infection and inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria despite her contended adherence to postoperative care. Any information likely to lead to the discovery of admissible evidence with regard to Plaintiff's medical care is relevant. It is for this reason that defendants subpoenaed the records in the possession of the Records Custodian of HIM – Montefiore pertaining to plaintiff's medical care. Such records are not only calculated to lead to the discovery of admissible evidence, but more than likely would actually contain admissible evidence.

Accordingly, Defendants Kathy L. Rumer, D.O., F.A.C.O.S and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, respectfully request this Court enter an Order

1

in the form of the attached hereto requiring the Records Custodian and HIM – Montefiore produce all records identified in the subpoena which are in its care, custody or control.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

BY: _____

John P. Shusted, Esquire
I.D. #44675 – shustedj@ggmfirm.com
Chilton G. Goebel, III, Esquire
I.D. #92811 – goebelc@ggmfirm.com
Lauren A. Green, Esquire
I.D. #322622 – greenl@ggmfirm.com
Attorneys for Defendants
Kathy L. Rumer, D.O., F.A.C.O.S.
and Delaware Valley Aesthetics, PLLC
d/b/a Rumer Cosmetic Surgery
The Bellevue, 5th Floor
200 S. Broad Street
Philadelphia, PA 19102
T: 215-545-7700
F: 215-732-4182

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the within Motion to Compel Compliance with Subpoena Directed to Records Custodian of HIM – Montefiore of Defendants, Kathy L. Rumer, D.O., F.A.C.O.S. and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, was filed and served upon Plaintiff's counsel on __October 12__, 2018, by way of the court's electronic filing and notification system and upon parties listed below via U.S. Mail, postage pre-paid:

> HIM – Montefiore
> 111 East 210th Street
> Bronx, NY 10467
> Attn: Health Information Management

GERMAN, GALLAGHER & MURTAGH

BY: _____

John P. Shusted
Chilton G. Goebel, III
Lauren A. Green
*Attorneys for Defendants*
*Kathy L. Rumer, D.O., F.A.C.O.S and*
*Delaware Valley Aesthetics, PLLC*
*d/b/a Rumer Cosmetic Surgery*

1686219_1.docx

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AUDRINA MINTO, a/k/a ARTURO MINTO :
1752 Walton Avenue, Apt. 10A :
Bronx, NY 10453, :
:
                                    Plaintiff,  :        Civil Action No.:
:
                                                :        JURY TRIAL DEMANDED
-against-                                       :
:
KATHY L. RUMER, D.O.,  F.A.C.O.S. :
105 Ardmore Avenue                       :
Ardmore, PA 19003 :
:
and :
:
DELAWARE VALLEY AESTHETICS, PLLC :
d/b/a RUMER COSMETIC SURGERY, :
105 Ardmore Avenue :
Ardmore, PA 19003 :
:
:
                                    Defendants.  :

ORIGINAL COMPLAINT FOR
DAMAGES PURSUANT TO 28 U.S.C. §1332

Plaintiff Audrina Minto a/k/a Arturo Minto, by and through her attorneys, THE

RUBINSTEIN LAW FIRM, LLC., now comes before this Court and complains of KATHY L.

RUMER, D.O., F.A.C.O.S., and DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER

COSMETIC SURGERY, as follows:

### JURISDICTION AND VENUE

1.     Plaintiff AUDRINA MINTO, a/k/a ARTURO MINTO, 1752 Walton Avenue, Apt., 10A,

Bronx, New York 10453.

2.     Defendant KATHY L. RUMER, D.O., F.A.C.O.S., is located at 105 Ardmore Avenue,

Ardmore, Pennsylvania 19003; defendant DELAWARE VALLEY AESTHETICS, PLLC d/b/a



RUMER COSMETIC SURGERY is located at and maintains its principal place of business at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

3.      The claims herein are brought against both the defendants in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1332 due to diversity of citizenship between plaintiff and defendants, and that this matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.   The within action asserted herein arose from and are connected to purposeful acts taken by defendants, their agents and/or employees in Pennsylvania.   Defendants' contacts with Pennsylvania were continuous and systematic. Plaintiff seeks money damages as compensation for the personal injuries and pain and suffering of plaintiff AUDRINA MINTO, caused by the medical malpractice, negligence and wrongful acts and omissions of defendants in their medical and surgical care and treatment of plaintiff in the gender reassignment surgery performed by defendants upon plaintiff.

4.      Pursuant to 28 U.S.C. §1332, venue is properly placed in the Eastern District of Pennsylvania, in that plaintiff is a resident of the County of Bronx, State and City of New York and defendants are residents of the Commonwealth of Pennsylvania, having an address at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003, which is within the jurisdiction of this Court.

5.      This medical malpractice lawsuit is timely filed, in that it is commenced within 2 years from the last date of continuous treatment by defendants KATHY L. RUMER, D.O., F.A.C.O.S., and DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY, for the injuries complained of herein, which would be timely if brought within the Pennsylvania Court of Common Pleas, Trial Division, pursuant to Pennsylvania State law governing a medical malpractice action.

2

II.

## PARTIES

6.      Plaintiff Audrina Minto, a/k/a Arturo Minto, hereinafter "Plaintiff", is an adult individual currently residing at, 1752 Walton Avenue, Apt. 10A, Bronx, New York 10453.

7.      Defendant KATHY L. RUMER, D.O., F.A.C.O.S., hereinafter "Dr. Rumer", was and is a doctor of osteopathic medicine, who at all times pertinent hereto, was engaged in the practice of medicine, pursuing the specialty of cosmetic, plastic and gender reassignment surgery, maintaining an office at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

8.      Defendant DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY, hereinafter "Rumer Cosmetic", is and was, at all times pertinent hereto, a professional limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania and using a fictitious name Rumer Cosmetic Surgery to provide medical services to patients, operating by and through its agents and/or employees, ostensible agents, residents, medical students, staff, nurses, nurse practitioners, physician assistants and technicians, who operated and staffed a certain facility located at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.

9.      At all times relevant and material hereto, defendant Dr. Rumer, owned, operated, managed, maintained and/or staffed defendant Rumer Cosmetic.

III.

## FACTS

10.     Plaintiff is asserting a professional liability claim against defendants Dr. Rumer and Rumer Cosmetic.

3

11.    On July 12, 2016, and at all times pertinent hereto, defendant Dr. Rumer, was and is a doctor of osteopathic medicine and a cosmetic/plastic surgeon licensed under the laws of the Commonwealth of Pennsylvania who at all times pertinent hereto has held herself out as a specialist in cosmetic/plastic surgery, and more particularly, as a specialist in gender reassignment surgery.   Dr. Rumer maintains an office and place of business at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.   Plaintiff is asserting a professional liability claim against this defendant.

12.    On July 12, 2016, and at all times pertinent hereto, defendant Rumer Cosmetic was and is, a professional limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania to provide medical services to patients, and upon information and belief, maintained an office and place of business at 105 Ardmore Avenue, Ardmore, Pennsylvania 19003.   At all times pertinent hereto, Dr. Rumer was an agent, servant and/or employee of defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery. Plaintiff is asserting a professional liability claim against this defendant.

13.    On July 12, 2016, and at all times pertinent hereto, defendant Dr. Rumer was engaged in the practice of medicine, pursuing the specialty of cosmetic, plastic and gender reassignment surgery, and was obliged to bring to bear in the practice of her profession the professional skill, knowledge, and care which she possessed, and to pursue her profession in accordance with reasonably safe and acceptable standards of medicine in general, cosmetic, plastic and gender reassignment surgery in particular.

14.    On July 12, 2016, and at all times relevant and material hereto, Dr. Rumer acted individually and/or through her agents, ostensible agents, employees, residents, medical students,

4

staff, nurses, nurse practitioners, physician assistants and technicians who were acting with actual or implied authority to act within the course and scope of their employment and/or agency with Dr. Rumer.

15.     On July 12, 2016, and at all times relevant and material hereto, Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, acted individually and/or through its agents, ostensible agents, staff, employees, residents, physicians, fellows, medical students, including Dr. Rumer, nurses, nurse practitioners, physician assistants, technicians and/or contractors who were acting with actual or implied authority to act within the course and scope of their authority in the furtherance of the business and practice of Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery.

16.     On July 12, 2016, and at all times relevant and material hereto, a physician-patient relationship existed between plaintiff, Dr. Rumer and Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery.

17.     Plaintiff's injuries and damages were caused solely and exclusively by the negligence and carelessness of defendants, and/or their actual agents, apparent agents and/or ostensible agents, servants and/or employees, individually, jointly and severally, and were not caused or contributed to by any act or failure on the part of the plaintiff.

18.     On or about July 12, 2016, plaintiff presented to defendant Dr. Rumer and Rumer Cosmetic for gender reassignment surgery, which was being performed by defendants, their agents, servants and/or employees at Delaware County Memorial Hospital, 501 North Lansdowne Avenue, Drexel Hill, Pennsylvania 19026.

5

19.     Prior to and on July 12, 2016, plaintiff was suffering from gender dysphoria, male to female.

20.     Prior to July 12, 2016, plaintiff consulted with Dr. Rumer and Rumer Cosmetic to discuss gender reassignment surgery, male to female.

21.     Prior to July 12, 2016, plaintiff underwent hormone therapy, counseling and completed all preoperative guidelines set forth by the World Professional Association of Transgender Health, in preparation for gender reassignment surgery, male to female, to be performed by Dr. Rumer and Rumer Cosmetic.

22.     Prior to July 12, 2016, defendants Dr. Rumer and Rumer Cosmetic cleared plaintiff for gender reassignment surgery, male to female.

23.     On July 12, 2016, defendants Dr. Rumer and Rumer Cosmetic, performed gender reassignment surgery and a bilateral breast augmentation, and related surgical procedures upon plaintiff at Delaware County Memorial Hospital.

24.     Plaintiff, subsequent to performance of gender reassignment surgery on July 12, 2016, by defendants Dr. Rumer and Rumer Cosmetic, continued postoperative care with Dr. Rumer and Rumer Cosmetic.

25.     Plaintiff, subsequent to performance of gender reassignment surgery on July 12, 2016, by defendants Dr. Rumer and Rumer Cosmetic, performed all postoperative care and procedures as instructed by Dr. Rumer and Rumer Cosmetic.

26.     Plaintiff also continued to receive continuous medical care and treatment from Dr. Rumer and Rumer Cosmetic, upon information and belief, up to and including February 7, 2017.

27.     Despite plaintiff's adherence to postoperative care, plaintiff as a direct result of the negligence of defendants Dr. Rumer and Rumer Cosmetic in performance of the gender reassignment surgery, suffered a urethral stricture, a vaginal stricture, and clitoral scar tissue, in addition to her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria.

28.     Due to the medical negligence of defendants Dr. Rumer and Rumer Cosmetic, plaintiff, on June 20, 2017, at Mount Sinai Beth Israel Hospital, New York, New York, underwent a revision vaginoplasty; recreation of vaginal cavity; clitoroplasty to correct her clitoris; a urethroplasty to correct her urethra; and a bilateral labiaplasty to correct her labia.

29.     As a result of the aforesaid negligence of defendants Dr. Rumer and Rumer Cosmetics, plaintiff has been obliged to receive and undergo medical attention and care, and to incur various and diverse expenses, all of which plaintiff may continue to expend in the future.

30.     As a further result of the medically negligent actions of defendants Dr. Rumer and Rumer Cosmetic, plaintiff suffered physical pain, mental anguish, humiliation and disfigurement, and will continue to suffer same for an indefinite time into the future.

31.     As a result of the medical negligence of defendants Dr. Rumer and Rumer Cosmetic, plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may and will continue indefinitely into the future.

IV.

## COUNT I. NEGLIGENCE

### AUDRINA MINTO, a/k/a ARTURO MINTO v. KATHY L. RUMER, D.O.,   F.A.C.O.S.

32.    Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "31", as if same were set forth at length herein.

33.    Plaintiff's aforesaid injuries, expenses, losses and damages were the result of the negligence and carelessness of defendant Dr. Rumer, her agents, servants, workers and/or employees, actual, apparent, ostensible and/or others for whose acts or omissions she was responsible.

34.    The aforementioned negligence and carelessness of defendant Dr. Rumer, her agents, servants, workers and/or employees actual, apparent, ostensible and/or others for whose acts or omissions she was responsible consisted of the following, *inter alia*:

(a)    Negligently performing a gender reassignment surgery on plaintiff on July 12, 2016, such that plaintiff suffered a urethral stricture, a vaginal stricture, removal of clitoral scar tissue and loss of vaginal cavity, in addition to infection and her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria;

(b)    Seriously damaging plaintiff's urethra, vaginal cavity, labia and clitoris, to the extent that plaintiff has suffered injury requiring corrective surgery, and will require additional surgeries in the future;

(c)    In causing permanent injury to plaintiff such that plaintiff may not have a functioning and/or properly functioning vagina, labia and clitoris;

(d)    In causing permanent injury to plaintiff such that plaintiff will never have sexual function;

(e)    Failing to order, schedule and/or perform postoperative treatment and care for and on plaintiff;

8

(f)     Failing to render and provide reasonable medical care under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(g)     Failing to timely correct deficiencies in medical care and treatment provided to plaintiff;

(h)     Failing to properly monitor, evaluate and treat plaintiff following gender reassignment surgery on plaintiff on July 12, 2016;

(i)     Failing to conform to the requisite standard of reasonable medical care owed to plaintiff;

(j)     Failing to exercise the degree of skill required by a medical professional under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(k)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon;

(l)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon specializing in gender reassignment surgery;

(m)     Failing to treat plaintiff in such a way as to not cause her harm;

(n)     Failing to order, schedule and/or perform various postoperative diagnostic studies;

(o)     Failing to consult with one or more physicians having the requisite knowledge and skill to treat plaintiff's condition;

(p)     Acting in such a manner as to eliminate plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of future injury and harm;

(q)     Failing to employ adequate postoperative procedures to prevent harm to plaintiff;

(r)     In providing negligent postoperative care and treatment to plaintiff;

(s)     In failing to render appropriate and/or proper medical care and treatment under the circumstances, thereby substantially increasing risk of harm that plaintiff would require future surgical procedures;

(t)     In failing to establish and follow procedures for the timely and emergent evaluation and treatment of patients postoperatively like the plaintiff;

(u)     In failing to properly supervise defendants' agents, servants and/or employees in their medical care and treatment of plaintiff;

9

    (v)    In failing to provide skilled and competent staff to care for plaintiff;

    (w)    In failing to protect plaintiff from unreasonable and foreseeable risk of harm;

    (x)    In failing to adequately monitor and/or observe plaintiff;

    (y)    In failing to follow appropriate procedures and protocols;

    (z)    In such other negligence as may be discovered during the course of discovery.

35.    Plaintiff relied upon the performance of defendant for the services for which she was retained, and the failure of defendant, her agents, servants and/or employees, to exercise appropriate medical skills and care caused plaintiff severe personal injury and economic harm.

    WHEREFORE, plaintiff Audrina Minto, a/k/a Arturo Minto, demands compensatory damages against defendant Kathy L. Rumer, D.O., F.A.C.O.S., in an amount in excess of Seventy-Five Thousand Dollars, along with interest, costs and damages for pre-judgment delay.

## COUNT II. NEGLIGENCE

### AUDRINA MINTO, a/k/a ARTURO MINTO v.   DELAWARE VALLEY AESTHETICS, PLLC d/b/a RUMER COSMETIC SURGERY

36.    Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "35", as if same were set forth at length herein.

37.    Plaintiff's aforesaid injuries, expenses, losses and damages were the result of the negligence and carelessness of defendant Rumer Cosmetic, its agents, servants, workers and/or employees, actual, apparent, ostensible and/or others for whose acts or omissions it was responsible.

38.     The aforementioned negligence and carelessness of defendant Rumer Cosmetic, its

agents, servants, workers and/or employees actual, apparent, ostensible and/or others for whose

acts or omissions it was responsible consisted of the following, *inter alia*:

(a)     Negligently performing a gender reassignment surgery on plaintiff on July 12, 2016, such that plaintiff suffered a urethral stricture, a vaginal stricture, removal of clitoral scar tissue and loss of vaginal cavity, in addition to infection and her inability to engage in sexual intercourse, as well as severe psychological trauma and gender dysphoria;

(b)     Seriously damaging plaintiff's urethra, vaginal cavity, labia and clitoris, to the extent that plaintiff has suffered injury requiring corrective surgery, and will require additional surgeries in the future;

(c)     In causing permanent injury to plaintiff such that plaintiff may not have a functioning and/or properly functioning vagina, labia and clitoris;

(d)     In causing permanent injury to plaintiff such that plaintiff will never have sexual function;

(e)     Failing to order, schedule and/or perform postoperative treatment and care for and on plaintiff;

(f)     Failing to render and provide reasonable medical care under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(g)     Failing to timely correct deficiencies in medical care and treatment provided to plaintiff;

(h)     Failing to properly monitor, evaluate and treat plaintiff following gender reassignment surgery on plaintiff on July 12, 2016;

(i)     Failing to conform to the requisite standard of reasonable medical care owed to plaintiff;

(j)     Failing to exercise the degree of skill required by a medical professional under the circumstances such that plaintiff would not sustain the injuries aforesaid;

(k)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon;

(l)     Failing to utilize the appropriate skills and learning expected of a board certified plastic surgeon specializing in gender reassignment surgery;

11

(m) Failing to treat plaintiff in such a way as to not cause her harm;

(n) Failing to order, schedule and/or perform various postoperative diagnostic studies;

(o) Failing to consult with one or more physicians having the requisite knowledge and skill to treat plaintiff's condition;

(p) Acting in such a manner as to eliminate plaintiff's opportunity to avoid severe and permanent harm and exposing her to risk of future injury and harm;

(q) Failing to employ adequate postoperative procedures to prevent harm to plaintiff;

(r) In providing negligent postoperative care and treatment to plaintiff;

(s) In failing to render appropriate and/or proper medical care and treatment under the circumstances, thereby substantially increasing risk of harm that plaintiff would require future surgical procedures;

(t) In failing to establish and follow procedures for the timely and emergent evaluation and treatment of patients postoperatively like the plaintiff;

(u) In failing to properly supervise defendants agents, servants and/or employees in their medical care and treatment of plaintiff;

(v) In failing to provide skilled and competent staff to care for plaintiff;

(w) In failing to protect plaintiff from unreasonable and foreseeable risk of harm;

(x) In failing to adequately monitor and/or observe plaintiff;

(y) In failing to follow appropriate procedures and protocols;

(z) In such other negligence as may be discovered during the course of discovery.

39.   Plaintiff relied upon the performance of defendant for the services for which it was retained, and the failure of defendant, its agents, servants and/or employees, to exercise appropriate medical skills and care caused plaintiff severe personal injury and economic harm.

12

WHEREFORE, plaintiff Audrina Minto, a/k/a Arturo Minto, demands compensatory damages against defendant Delaware Valley Aesthetics, PLLC d/b/a Rumer Cosmetic Surgery, in an amount in excess of Seventy-Five Thousand Dollars, along with interest, costs and damages for pre-judgment delay.

V.

## DEMAND FOR JURY TRIAL

40.     Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "39", as if same were set forth at length herein.

41.     Plaintiff hereby demands a jury trial on all claims so triable in this action.

WHEREFORE plaintiff demands an award of compensatory damages in an amount in excess of Seventy-Five Thousand Dollars plus interest, costs and damages for pre-judgment delay.

VI.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Court enter judgment against defendants as follows:

(a)     Compensatory damages in an amount supported by the evidence at trial;

(b)     Damages including: pain, mental anguish, impairment, disfigurement, loss of life's pleasures, reasonable and necessary past and future medical expenses;

(c)     An award for pre-judgment and post-judgment interest, and costs of suit, as provided by law; and

(d)     Such other legal and equitable relief this Court deems just.

THE RUBINSTEIN LAW FIRM, LLC.

Dated: 6/22/18

Kristy L. Bruce, Esq.
Attorneys for Plaintiff
1675 Whitehorse Mercerville Rd., Ste. 106
Hamilton, New Jersey 08619
T: (609) 392-7600
F: (609) 964-1785

14

## VERIFICATION

Audrina Minto, a/k/a Arturo Minto, hereby states that she is a Plaintiff in this Action and verifies that the statements set forth in the foregoing complaint are true and correct to the best of her knowledge, information and belief.

The undersigned understands that any false statements therein made are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities and applicable Federal Rules of Civil Procedure relating to unsworn falsification to authorities.

Dated: 6/29/18

Audrina Minto, a/k/a Arturo Minto

Case 2:18-cv-02800-PD   Document 1-2   Filed 07/02/18   Page 1 of 1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Audrina Minto a/k/a Arturo Minto

**(b)** County of Residence of First Listed Plaintiff    Bronx, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristy L. Bruce, Esq, The Rubinstein Law Firm, LLC, 1675 Whitehorse
Mercerville Rd., Ste. 106, Hamilton, NJ 08619; 609-392-7600

## DEFENDANTS
Kathy L. Rumer, DO, FACOS and Delaware Valley Aesthetics, PLLC d/
b/a Rumer Cosmetic Surgery

County of Residence of First Listed Defendant    Montgomery, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                         *and One Box for Defendant)*

|                          | PTF | DEF |                                                    | PTF | DEF |
|--------------------------|-----|-----|----------------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 3 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC section 1332 diversity

Brief description of cause:
plaintiff sustained serious injuries as a result of medical malpractice by defendants

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  6/27/18
SIGNATURE OF ATTORNEY OF RECORD
*Kristy E. Bruce*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1752 Walton Avenue, Apt. 10A, Bronx, NY 10453

Address of Defendant: _____ 105 Ardmore Avenue, Ardmore, PA 19003

Place of Accident, Incident or Transaction: _____ 501 N. Lansdowne Avenue, Drexel Hill, PA 19026

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/27/18 _____  *Attorney-at-Law / Pro Se Plaintiff*  208813 _____  *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* medical mal
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kristy L. Bruce, Esq. _____, counsel of record or pro se plaintiff, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 6/27/18 _____  *Attorney-at-Law / Pro Se Plaintiff*  208813 _____  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

Case 2:18-cv-02800-PD   Document 1-1   Filed 07/02/18   Page 1 of 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

Audrina Minto a/k/a
Arturo Minto
    v.                                    :          CIVIL ACTION

Kathy L. Rumer, DO, FACOS and :
Delaware Valley Aesthetics, PLLC     :          NO.
d/b/a Rumer Cosmetic Surgery

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.) In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 6/27/18 | Kristy P Bruce | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 609-392-7600 | 609-964-1785 | Kbruce@NJPA-LAW.CoM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# EXHIBIT "B"

*ADVITA*
*1800 JFK Boulevard*
*Suite 604*
*Philadelphia, PA  19103*
*Phone 215.569.9155*
*Fax 215.569.0690*
*Records@Advita.us*
**(CIOX Health - Upload to Portal)**

August 24, 2018

HIM - Montefiore
111 East 210th Street
Bronx, NY 10467
Attn.: Health Information Management

　　　　RE:  Audrina Minto
　　　　DOB: 09/06/1993

Dear Custodian of Records:

　　　We are working with Chilton Goebel, III, Esquire and German Gallagher & Murtagh with reference to the above matter.

　　　Enclosed is a subpoena which permits you to release any and all documents and things in your possession ***as set forth on the subpoena.*** Kindly forward the responsive materials to the attention of Colin Speck at **ADVITA, 1800 JFK BOULEVARD, SUITE 604, PHILADELPHIA, PA 19103, or via email at Records@Advita.us.**

　　　Should you have any questions concerning the enclosed please contact me at 215.569.9155.  Thank you.

　　　　　　Very truly yours,

　　　　　　Colin Speck

31850.009

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | PENNSYLVANIA |
| --- | --- | --- |

Audrina Minto, a/k/a Arturo Minto

V.

Kathy L. Rumer, D.O. and Delaware Valley
Aesthetics, PLLC, d/b/a Rumer Cosmetic Surgery

**SUBPOENA IN A CIVIL CASE**

Case Number: 2:18-cv-02800-PD

TO: CUSTODIAN OF RECORDS OF:   HIM - Montefiore

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**** SEE ATTACHED ADDENDUM ****

| PLACE   Advita, 1800 JFK Boulevard, Suite 604, Philadelphia, PA 19103 | DATE AND TIME 9/04/2018 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 8/24/2018 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chilton Goebel, III, Esquire
The Bellevue - Suite 500, 200 South Broad St.
Philadelphia, PA 19102

215-569-9155 (Colin Speck)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

ADDENDUM TO SUBPOENA

Audrina Minto, a/k/a Arturo Minto

County
2:18-cv-02800-PD

Plaintiff

v.

Kathy L. Rumer, D.O. and Delaware
Valley Aesthetics, PLLC, d/b/a Rumer
Cosmetic Surgery

Defendant

CUSTODIAN OF RECORDS OF: HIM - Montefiore

Any and all records, including but not limited to, medical records, electronic
records, correspondence to and from the consulting and treating physicians,
office notes, treatment records, memoranda, histories, reports, files, index cards,
charts, graphs, discharge summaries, photographs, and any other information
pertaining to the treatment of:

**Name: Audrina Minto**
**Address:**
**DOB:**
**SSN:**

31850.009

## RECORDS CERTIFICATION

RECORDS PERTAINING TO: Audrina Minto
RECORDS REQUESTED: medical records

### CERTIFICATION OF RECORDS

[   ]   I do hereby certify as custodian of records that I have produced any and all
        records, information and documents in my/our possession pertaining to the
        above-referenced individual.
        ATTACHED MATERIALS (PLEASE CHECK ALL THAT APPLY):
        \_\_\_\_   RECORDS                    \_\_\_\_ PATHOLOGY MATERIALS
        \_\_\_\_   RADIOLOGY FILMS/CD          \_\_\_\_ BILLING
        \_\_\_\_   OTHER: _____
                         (Please specify)

### CERTIFICATION OF NO RECORDS

[   ]   I do hereby certify as custodian of records that after a thorough search no
        information, records or documents have been located pertaining to the
        above-referenced individual (PLEASE CHECK ALL THAT APPLY):

        \_\_\_\_   RECORDS                    \_\_\_\_ PATHOLOGY MATERIALS
        \_\_\_\_   RADIOLOGY FILMS            \_\_\_\_ BILLING
        \_\_\_\_   OTHER: _____
                         (Please specify)
        \_\_\_\_   MATERIALS HAVE BEEN DESTROYED
------------------------------------------------------------------------

*This certification is made to the best of my knowledge, information and
belief.*

_____        _____
Date                    Custodian of Records For
                        HIM - Montefiore
                        Medical

31850.009